**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4202**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVEY LAMONT WALKER,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:02-cr-00193-5-MU)

———————————

Submitted: January 25, 2007      Decided:  January 29, 2007

———————————

Before WIDENER and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Kimberly Y. Best, THE BEST LAW FIRM, P.L.L.C., Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Davey Lamont Walker appeals his jury conviction and sentence on a charge of conspiracy to possess with intent to distribute at least 500 grams but less than five kilograms of cocaine and at least five grams but less than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) (2000). The district court sentenced Walker to 78 months' imprisonment,[*] three years of supervised release, and ordered him to pay a $100 statutory assessment. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), claiming insufficiency of the evidence to support the conviction such that the district court erred in denying Walker's Fed. R. Crim. P. 59 motion, but concluding that there are no meritorious grounds for appeal. Walker was notified of his right to file a supplemental brief, but has not done so.

We have reviewed Walker's sufficiency of the evidence claim based on the record before us and conclude that the claim is without merit. In evaluating the sufficiency of the evidence supporting a criminal conviction on direct review, "The verdict of the jury must be sustained if there is substantial evidence, taking

---

[*]The probation officer calculated a sentencing guideline range of 151 to 188 months' imprisonment founded on a base offense level of thirty-two and a criminal history category of III. After careful consideration of the facts, evidence, and recommendations in the presentence investigation report, as well as Walker's arguments and the statutory factors set forth in 18 U.S.C. § 3553(a) (West 2000 & Supp. 2006), the district court adjusted Walker's offense level down to twenty-six, based upon the actual findings of drug quantity as determined by the jury beyond a reasonable doubt, with an attendant revised guideline range of seventy-eight to eighty-seven months' imprisonment.

the view most favorable to the Government, to support it." <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942). Substantial evidence is evidence "that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." <u>United States v. Burgos</u>, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). We consider circumstantial and direct evidence, and allow the Government the benefit of all reasonable inferences from the facts proven to those sought to be established. <u>Id.</u> at 858; <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982). In resolving issues of substantial evidence, we do not weigh evidence or review witness credibility. <u>United States v. Lomax</u>, 293 F.3d 701, 705 (4th Cir. 2002); <u>Burgos</u>, 886 F.2d at 863. Rather, it is the role of the jury to judge the credibility of witnesses, resolve conflicts in testimony, and weigh the evidence. <u>United States v. Manbeck</u>, 744 F.2d 360, 392 (4th Cir. 1984).

Our review of the record discloses ample evidence presented at Walker's trial to support the jury's finding that Walker conspired with others to distribute cocaine and cocaine base. Dwight Hunter testified that Walker was his "drug partner," and that he was involved with Walker in the dealing of cocaine and cocaine base for three and a half or four years. The testimony of Marlon Scott, Eric Harris, and Damond Nelson further established Walker's actions in trafficking significant amounts of cocaine and cocaine base.

As evidenced by the finding of guilt, the jury resolved any conflicts in testimony in favor of the prosecution, determined the government's witnesses to be sufficiently credible to support their verdict of guilty, and otherwise found sufficient circumstantial and direct evidence of guilt. We find the evidence to be adequate and sufficient to support the jury's conclusion of Walker's guilt beyond a reasonable doubt. We find no merit to Walker's claim of insufficiency of the evidence, and find no error in the district court's denial of Walker's Rule 59 motion.

In accordance with <u>Anders</u>, we have thoroughly examined the entire record for any potentially meritorious issues; we find none. There were no irregularities in the pre-trial or trial process, and we find that Walker was sentenced upon a proper application of the United States Sentencing Guidelines and consistent with statutory and constitutional law. Accordingly, we affirm Walker's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client request that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>